# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADRAIN MURREN, Individually and on behalf of his minor child, A.M., <br><br>Plaintiffs, <br><br> v. <br><br> WAL-MART STORES, INC., d/b/a Sam's Club; WAL-MART STORES, INC., d/b/a WAL-MART; and SAM'S EAST, INC., d/b/a SAM'S CLUB <br><br> Defendants. | JURY TRIAL DEMANDED <br><br> Civ. No. _____ |

## COMPLAINT

Plaintiff, Adrain Murren, Individually and on behalf of his minor child, A.M., by his counsel, Mobilio Wood, brings this action against Defendants, Wal-Mart Stores, Inc., d/b/a Sam's Club; Wal-Mart Stores, Inc., d/b/a Wal-Mart and Sam's East, Inc., d/b/a Sam's Club.  Plaintiff alleges upon knowledge as to himself and his own acts, and otherwise upon information and belief, as follows:

## PARTIES

1. Plaintiff, Adrain Murren ("Plaintiff Murren") is an adult individual and permanent resident of the United States of America.

2. Plaintiff, A.M. ("Plaintiff A.M.") is a minor child and citizen of the United States of America.

3. Defendants, Wal-Mart Stores, Inc., d/b/a Sam's Club; Wal-Mart Stores, Inc., d/b/a Wal-Mart and Sam's East, Inc., d/b/a Sam's Club ("Sam's Club Defendants", or "Company") are individual corporate entities and/or related corporate entities that maintain a retail store located at 5314 Allentown Pike, Temple, PA 19560 (hereinafter the "Store").

4. At all times relevant and material herein, Defendants acted by and through their agents, servants, and employees, each of whom acted in the course and scope of their employment with and for the Company.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action in accordance with 28 U.S.C. § 1331 because this civil action arises under a law of the United States and seeks redress for violations of a federal law.

6. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this Commonwealth and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

7. Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the

claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff Murren is a black male.

9. Plaintiff A.M. is a black female, minor child and biological daughter of Plaintiff Murren.

10. On January 11, 2019, Plaintiff Murren, his wife and their 10-year-old daughter, Plaintiff A.M. were shopping at the Store in Temple, PA.

11. The Store is owned and operated by Sam's Club Defendants.

12. Plaintiff Murren displayed long dreadlocks as a representation of his Rastafarian-Caribbean religion, national origin, and culture.

13. Upon arrival at the Store, Plaintiff Murren and his daughter approached the Store's cafe to get something to eat and drink.

14. A Caucasian male employee of the Store, whose name is unknown, was working at the café.

15. Plaintiff A.M. asked the gentleman for a slice of pizza for herself and an orange juice for her father.

16. In response, the Store's employee looked at both Plaintiff Murren and Plaintiff A.M. and advised that "We don't sell orange juice".

17. The statement was clearly a lie as not only does the Store advertise on its website that it specifically sells "Dole Orange Juice" but Plaintiff Murren could clearly see the orange juice in the cooler behind the employee.

18. Plaintiff again asked to be sold the orange juice, noting that he could see the orange juice in the cooler behind the employee.

19. The employee angrily responded, "Do you want orange soda? Because we don't sell orange juice".

20. Plaintiff Murren replied, "I don't want orange soda, I want to buy orange juice, they are right there" and pointed toward the refrigerator case.

21. The Caucasian employee did not respond or accommodate Plaintiff Murren's request, rather he angrily stared at Plaintiff Murren whose daughter was close beside him.

22. Plaintiff Murren then quietly stated to his daughter, "Is this a joke?" to which the Caucasian employee interrupted, yelling "Are you calling me a joke? Look at your fucking hair, that is a fucking joke".

23. The Caucasian employee then went on expletive laden rant about Plaintiff Murren and A.M.'s skin color, religion, national origin and race by directing to Plaintiff Murren and A.M., "You black fucker", and religion by referring to Plaintiff Murren as a "Fucking Rastafarian".

24. Plaintiff Murren's daughter looked on in horror, began shaking and crying and then ran to her mother for comfort.

25. Numerous other shoppers and employees of the Store also looked on as the Caucasian employee berated Plaintiff Murren and Plaintiff A.M.

## COUNT I

**VIOLATION OF 42 U.S.C. § 2000a: DISCRIMINATION**
**(Plaintiff v. Defendant)**

26. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

27. Sam's Club Defendants, by and through their agents, servants, and employees, each of whom acted in the course and scope of their employment with and for the Company, treated Plaintiffs differently from other patrons and invitees in a place of public accommodation, i.e. the Store, because of their race, religion and national origin.

28. Sam's Club Defendants denied Plaintiffs the same use and enjoyment of the same accommodations, privileges, and benefits that they grant to other similarly situated patrons and invitees who are not black, Rastafarian and/or of Caribbean national origin.

29. By denying Plaintiffs the full and equal enjoyment of the services of a place of public accommodation as aforesaid, Sam's Club Defendants have violated 42 U.S.C. § 2000a.

30. As a result of Sam's Club Defendants' unlawful actions described above, Plaintiffs have suffered, continue to suffer, and will in the future suffer irreparable loss and injury, including but not limited to humiliation, embarrassment, emotional distress, feelings of racial stigmatization, and an increased sense of vulnerability.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that a judgment be entered in their favor and against Defendants in the following respects:

a) An order awarding damages on all counts herein, including punitive damages;

b) An order awarding attorneys' fees and expenses on all counts herein;

c) Pre-judgment interest; and

d) All other relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiffs hereby demand a jury trial on all issues so triable.

Respectfully submitted,

**MOBILIO WOOD**

Date: __10-28-20__          BY:   *s/ Matthew Mobilio*
                                  Matthew Mobilio, Esq. (I.D. No. 209439)
                                  609 W. Hamilton St., Suite 301
                                  Allentown, PA 18101
                                  Phone: (610) 882-4000
                                  Fax: (866) 793-7665
                                  matt@mobiliowood.com

                                  Peter C. Wood, Jr., Esq. (I.D. No. 310145)
                                  900 Rutter Ave.
                                  Box 24
                                  Forty-Fort, PA 18704
                                  Phone: (570) 234-0442
                                  Fax: (570) 266-5402
                                  peter@mobiliowood.com